DAVID E. McALLISTER (AZ SBN 021551)
JOSEPHINE E. PIRANIO (AZ SBN 020630)
BRIAN PAINO (AZ SBN 027091)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
kshelton@piteduncan.com

Attorneys for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHVOIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>JAMES S CARD ,<br><br>    Debtor(s).  | Case No. 2:09-bk-22479-CGC<br><br>Chapter 13<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHVOIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB,<br><br>    Movant,<br><br>    vs.<br><br>JAMES S CARD , Debtor(s); and EDWARD J. MANEY , Chapter 13 Trustee,<br><br>    Respondents. | |

TO THE RESPONDENTS NAMED ABOVE:

    Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachvoia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Movant"), respectfully represents as follows:

## RELIEF FROM STAY - CAUSE

## FAILURE TO MAKE POST-PETITION PAYMENTS

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

2. On or about September 11, 2009, James S Card ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On or about October 20, 2009 said case was converted to one under Chapter 13 of the bankruptcy code and Edward J. Maney is the appointed Chapter 13 Trustee.

3. On or about September 4, 2007, Debtor, for valuable consideration, made, executed and delivered to Movant a Note in the principal sum of $456,000.00(the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing October 15, 2007, and continuing until September 15, 2037, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

4. Movant currently owns the Note and is entitled to enforce the provisions on the Note and Deed of Trust.

5. On or about September 4, 2007, Debtor made, executed and delivered to Movant a Deed of Trust (the "Deed of Trust") granting Movant a security interest in the certain real property located at 2343 E Riverdale Cir, Mesa, Arizona 85213-9749 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 7, 2007, in the Official Records of Maricopa County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

6. The Debtor is in default of his obligations under the Note for failure to make payments as of September 15, 2009. As of March 13, 2010, the total amount owing under the Note is the approximate sum of $389,464.93, representing the principal balance of $376,687.02, interest in the sum of $11,350.95, late charges in the amount of $576.80, escrow advances in the

amount of $561.63, a recoverable balance in the amount of $290.00, less a suspense balance in the amount of $<1.47>. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

7. Pursuant to 11 United States Code § 1322, and the Debtor's Chapter 13 Plan, the Debtor is obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for December 15, 2009 through March 15, 2010. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $7,855.12, consisting of two (2) payments in the amount of $1,898.53 each, two (2) payments in the amount of $1,905.43 each, and post-petition late fees in the amount of $247.20, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

8. A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). <u>In re Ellis</u>, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Accordingly, as the Debtor has failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

## **RELIEF FROM STAY**
## **LACK OF EQUITY**

9. Movant is informed and believes that, based on an appraisal, the fair market value of the Property as of August 31, 2007, is approximately $570,000.00. A true and correct copy of the appraisal is attached hereto as exhibit C and incorporated herein by reference.

/././

/././

/././

/././

10. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $570,000.00 |
| Less: | |
|   Movant's 1st Trust Deed | $389,464.93 |
|   Chase Mortgage's 2nd Trust Deed | 101,098.00 |
|   Costs of Sale (8%) | 45,600.00 |
| Equity in the Property: | $33,837.07 |

As a result, there is little to no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

11. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## RELIEF FROM STAY - CAUSE
## ADEQUATE PROTECTION

12. Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

13. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

14. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

15. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

/./././
/./././
/./././

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtor;

4. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

5. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

/./././

/./././

/./././

/./././

/./././

/./././

/./././

- 5 -

Case 2:09-bk-22479-CGC    Doc 30    Filed 03/25/10    Entered 03/25/10 13:41:31    Desc
Main Document    Page 5 of 6

| | |
|---|---|
| 1 | 6. For such other and further relief as the court deems just and proper. |
| 2 | |
| 3 | Dated: March 25, 2010                    PITE DUNCAN, LLP |

/s/ JES 020630
JOSEPHINE E. PIRANIO
Attorneys for Movant
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Copies of the foregoing mailed
March 25, 2010, to:

JAMES S CARD
2343 EAST RIVERDALE CIRCLE
MESA, AZ 85213
 (DEBTOR)

JOSEPH W. CHARLES
LAW OFFICES OF JOSEPH W. CHARLES, P.C.
P.O. BOX 1737
GLENDALE, AZ 85311-1737
(Debtor(s) Attorney)

EDWARD J. MANEY
P.O. BOX 10434
PHOENIX, AZ 85064-0434
(TRUSTEE)

RONALD L. HOFFBAUER
EDWARD J. MANEY, CHAPTER 13 TRUSTEE
P.O. BOX 10434
PHOENIX, AZ 85064
(ATTORNEY TO TRUSTEE)

- 6 -