**JOSEPH W. CHARLES, P.C.**
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737
Phone: (623) 939-6546
Fax: (623) 939-6718
LawOffice@Joecharles.com

JOSEPH W. CHARLES
State Bar No. 003038
Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA, PHOENIX DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| JAMES S. CARD, ) | Case No. 2:09-bk-22479-CGC |
| ) | |
| Debtor. ) | Chapter 13 |
| _____) | |
| ) | |
| BAC HOME LOANS SERVICING, L.P. ) | |
| fka Countrywide Home Loans Servicing, ) | |
| L.P. and its sucessors and/or assignees ) | RESPONSE TO MOTION |
| ) | FOR RELIEF FROM |
| Movant, ) | AUTOMATIC STAY |
| ) | |
| vs. ) | RE: Real Property Located at |
| ) | 3423 E. Angela Dr. |
| JAMES S. CARD and EDWARD J. ) | Phoenix, AZ 85032 |
| MANEY, Trustee, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

COME NOW the debtor, JAMES S. CARD, by and through counsel

undersigned, and hereby responds and objects to Movant BAC HOME LOANS

1

SERVICING, L.P. fka Countrywide Home Loans Servicing, L.P. and its successor and/or assignees' Motion for Relief from the Automatic Stay as follows:

The Note and Deed of Trust are in the name of **Countrywide Home Loans, Inc.** Although the Movant appears to have proven that they are the same entity as **Countrywide Home Loans Servicing, L.P.**, they have done nothing to show that Countrywide Home Loans Servicing, L.P. ever owned the Note.

A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. <u>Elk Grove Unified Sch. Dist. V. Newdow</u>, 542 U.S. 1, 11 (2004). Constitutional standing requires an injury be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. <u>United Food & Drug Commercial Workers Union Local 751 v. Brown Group, Inc.</u>, 517 U.S. 544, 551 (1996). For prudential standing, the litigant must assert its own legal rights and interests, <u>Oregon v. Legal Servs. Corp.</u>, 552 F.3d 965, 971 (9th Cir. 2009).

Also, an action must be prosecuted by the real party in interest. Fed. R. Civ. P. Rule 17(a)1. The holder of the note is the only entity entitled to enforce it. A.R.S. § 47-3301. The holder is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." A.R.S § 47-1201(B)(21)(a).

Movant has not provided a scintilla of evidence that they came to be the holder of the note. On the contrary, from the documents provided to the Court it appears that Countrywide Home Loans, Inc. is the holder of the note. Therefore, Movant is not the real party in interest and does not have standing to bring this action.

Debtors respectfully requests that the Movant's Motion for Relief from the Automatic Stay be denied.

RESPECTFULLY SUBMITTED this 29th day of June, 2010.

                                          JOSEPH W. CHARLES, P.C.

                                          By /s/ Joseph W. Charles
                                                JOSEPH W. CHARLES
                                                5704 W. Palmaire Avenue
                                                P.O. Box 1737
                                                Glendale, Arizona 85311
                                                Attorney for Debtors

COPY of the foregoing
mailed this 29th day of
June, 2010, to:

Kim R. Lepore
Robert J. Hopp & Associates, LLC
1366 E. Thomas Road, Suite 201
Phoenix, AZ 85014
Attorney for Movant

Edward Maney
P.O. Box 10434
Phoenix, AZ 85064-0434
Trustee

By: /s/ C. Short