Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JAMES S CARD<br>xxx-xx-0999<br><br><br><br><br><br>_____Debtor(s)_____ | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 2-09-bk-22479-CGC<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br>RE: CHAPTER 13 AMENDED PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Amended Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before

Trustee's Recommendation
Case #09-22479
Page 2. . . . . . .

    the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

f. The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g. At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h. If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1. Debtor(s) Plan payments are currently delinquent $1,339.31 with a payment of $562.00 coming due 9/15/10.

    Debtors failed to make the required Plan payments for the 1st 6 months of the Plan. Debtor needs to provide equivalent funds ($2,076.00) in additional funds to the unsecured creditors as repayment.

2. The proof of claim filed by the Arizona Department of Revenue differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by september 15, 2010. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

3. The Trustee notes that Debtor(s) will need to provide for their 2007 and 2008 Federal and State tax refunds in their Chapter 7 Reconciliation and provide sufficient funding to satisfy this obligation.

4. The Trustee has reviewed the Debtors' Amended 22C and objects to the following:

The 9th circuit BAP has issued a decision which restates our position that business expenses are not deducted from business income on Line 3 of Form 22C. The entire amount of business income is included for purposes of over/under-median and applicable commitment period determination. The case cite is *In re Wiegand*, 386 BR 238 (9th Cir BAP 2008).

Removing the monthly expenditure on Line 3 increased the monthly income to the Debtor. Debtor is deducting this expense on item #47. However, this adjusted places the 22C in a positive position and requires Debtor to submit all excess income to the Estate for 60 months unless all claims are paid in full.

5. The Trustee requires Debtor's counsel submit a 2016(b) Statement regarding attorney compensation.

6. The Trustee requires copies of Debtor's two most recent consecutive paycheck stubs for each employer for verification of income and deductions.

7. Debtors have rental property. The Trustee requires language in the Stipulated Order which states that should this property be sold prior to completion of the Plan any proceeds over and above the Chapter 7 Reconciliation funds are to be turned over to the Estate. The Trustee also requires language which states that this rental property does not vest back to the Debtors upon confirmation of the case.

8. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to become and remain current in Plan payments, resolve above item(s) #2 through 8 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing mailed on this date See Electronic Signature Block to:

Joseph W. Charles
P. O. Box 1737
Glendale, AZ   85311

James S. Card
2343 E. Riverdale Circle
Mesa, AZ   85213